UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JORGE LUIS BROOKS,

                              Petitioner,

              -v.-

BRYAN FLANAGAN et al.,

                              Respondents.

26 Civ. 00674 (JHR)

MEMORANDUM OPINION &
ORDER

JENNIFER H. REARDEN, District Judge:

Before the Court is Petitioner Jorge Luis Brooks's petition for a writ of habeas corpus
pursuant to 28 U.S.C. § 2241.  ECF No. 1 (Pet.).  For the following reasons, the petition is
denied.

## I.    BACKGROUND

### A.  Factual Background

Unless otherwise noted, "[t]he facts described [herein] are drawn from [the] petition, [and
from the] affidavits and documents submitted in support of the Government's return."  *Michalski
v. Decker*, 279 F. Supp. 3d 487, 491 (S.D.N.Y. 2018) (denying writ of habeas corpus).  These
facts are undisputed.[1]

Petitioner Jorge Luis Brooks, a Cuban citizen, has resided in the United States since
1968.  Pet. ¶ 16; ECF No. 6 (Resp. Decl.) ¶ 3.  On September 30, 1998, Petitioner was convicted
in the Circuit Court at Virginia Beach, Virginia of Possession of Cocaine with Intent to
Distribute, in violation of Viriginia Code section 18.2-248, and Conspiracy to Distribute

---

[1] Where, as here, a petition "present[s] only issues of law," the Court may adjudicate it "without
a hearing."  *Chen v. Almodovar*, No. 25 Civ. 9670 (JPC), 2026 WL 100761, at *7 (S.D.N.Y. Jan.
14, 2026) (quoting *Tumba v. Francis*, No. 25 Civ. 8110 (LJL), 2025 WL 3079014, at *1 n.1
(S.D.N.Y. Nov. 4, 2025)); *see also* 28 U.S.C. § 2243.

Cocaine, in violation of Virginia Code section 18.2-248.[2]  Resp. Decl. ¶ 5; Pet. ¶ 21.  On April

16, 1999, Petitioner was served with a Notice to Appear (Form I-862), charging him as

removable pursuant to (1) Immigration and Nationality Act ("INA") § 237(a)(2)(B)(i) as an alien

who, at any time after admission, "has been convicted of a violation of (or [c]onspiracy or

attempt to violate) any law or regulation of a State, the United States, or a foreign country

relating to a controlled substance"; (2) INA § 237(a)(2)(A)(iii) as an alien who, at any time after

admission, "was convicted of an aggravated felony as defined in INA §101(a)(43)"; and (3) INA

§ 237(a)(2)(A)(ii) as an alien who, at any time after admission, "was convicted of two crimes

involving moral turpitude not arising out of a single scheme of criminal misconduct."  Resp.

Decl. ¶ 7; Pet. ¶ 22.  On August 4, 1999, an immigration judge ordered Petitioner removed to

Cuba.  Resp. Decl. ¶ 9; Pet. ¶ 22.

On December 6, 1999, Petitioner was released on an Order of Supervision.  Resp. Decl. ¶

11; Pet. ¶ 26.  On January 28, 2026, according to Petitioner's counsel, Petitioner attended an

"ICE check-in" during which he "was not taken into ICE custody."  ECF No. 9 (Pet. Ltr.).

Petitioner currently does not have any future check-in or report date scheduled with ICE, Resp.

Decl. ¶ 13, but he anticipates that "his next appointment would be sometime towards the end of

2026," Pet. Ltr.

**B. Procedural Background**

Petitioner commenced this action on January 26, 2026.  *See generally* Pet.  He asks the

Court to, *inter alia*, "declar[e] that any detention of Petitioner at this stage must be governed by 8

U.S.C. § 1226(a), not § 1231(a)"; "order[] Respondents not to detain him under § 1231(a)"; and

---

[2] Respondents also state that, on January 31, 1979, "Petitioner was convicted in the Criminal
Court of New York for . . . Criminal Possession of a Controlled Substance" in violation of New
York Penal Law § 220.03.  Resp. Decl. ¶ 4.  Petitioner did not acknowledge this conviction in his
petition or challenge this statement in his reply.  *See generally* Reply.

"order that, if ICE nonetheless takes Petitioner into custody, Petitioner must receive an immediate individualized custody/bond hearing under 8 U.S.C. § 1226(a) at which the government bears the burden to justify detention by clear and convincing evidence."  Pet. at 11-12.

The case was assigned to this Court on January 27, 2026.  On January 28, 2026, the Court issued an Order to Answer.  ECF No. 2.  The Order directed Petitioner to "file a letter" by January 29, 2026, "stating the date and time of his 'next ICE check-in,'" ECF No. 4 (quoting Pet. ¶ 31), as that information was not included in the Petition.  *See* Pet. ¶ 31 (leaving the placeholder "[DATE]" in the following sentence: "Petitioner is scheduled to appear for his next ICE check-in at the New York Field Office, 201 Varick Street, on [DATE].").  The Order further directed that the Government "show cause" by January 30, 2026 "why the writ should not be granted," and that Petitioner file any reply by February 2, 2026.  ECF No. 2.  The Court directed Petitioner to serve the Order to Answer upon the Government and to file proof of service on the docket by 11:59 p.m. on January 28, 2026.  *Id.*

On January 30, 2026, Respondents filed a return, ECF No. 5; the Declaration of Acting Supervisory Detention and Deportation Officer Dare Aniyikaiye, ECF No. 6 (Resp. Decl.); and a memorandum of law in opposition to the petition, ECF No. 7 (Opp.).  On February 4, 2026, as previously noted, Petitioner's counsel informed the Court that Petitioner "was not taken into ICE custody on the date of his last appointment [which took place on] January 28, 2026" and "remains at liberty at present."  Pet. Ltr.  Petitioner's counsel further requested an extension of time to file a reply.  *Id.*  The Court granted the extension on consent, *see* ECF Nos. 10, 11.

## II.    DISCUSSION

"Article III restricts federal courts to the resolution of cases and controversies . . . .  That restriction requires that the party invoking federal jurisdiction have *standing*—the personal

interest that must exist at the commencement of the litigation." *Gonzalez-Reyes v. Decker*, No. 20 Civ. 2639 (GHW), 2020 WL 7869549, at *6 (S.D.N.Y. Dec. 31, 2020) (denying noncitizen's petition for habeas relief from future immigration detention) (quoting *Carter v. HealthPort Techs.,* LLC, 822 F.3d 47, 55 (2d Cir. 2016)) (emphasis in original). Standing under Article III of the U.S. Constitution "consists of three elements: the individual initiating the suit must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendants, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (quoting *Dhinsa v. Krueger*, 917 F.3d 70, 77 (2d Cir. 2019)).

"Standing and ripeness are closely related doctrines that overlap most notably in the shared requirement that the plaintiff's injury be imminent rather than conjectural or hypothetical." *Id.* (quoting *New York Civil Liberties Union v. Grandeau*, 528 F.3d 122, 130 n.8 (2d Cir. 2008)). "The purpose behind the doctrine of constitutional ripeness is to 'prevent[] a federal court from entangling itself in abstract disagreements over matters that are premature for review because the injury is merely speculative and may never occur.'" *Id.* (quoting *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 725 F.3d 65, 110 (2d Cir. 2013)). "In other words, a claim is not ripe if it depends upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id.* (quoting *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d. Cir. 2013)). The Court's review of standing and ripeness must be "especially rigorous when reaching the merits of the dispute would force the court to decide whether an action taken by one of the other two branches of the Federal Government was unconstitutional." *Hollander v. Chertoff*, No. 08 Civ. 1521 (WHP), 2008 WL 5191103, at *3 (S.D.N.Y. Dec. 3, 2008) (citing *Nat'l Council of La Raza v. Gonzales*, 468 F.Supp.2d 429, 436 (E.D.N.Y. 2007)).

Respondents principally argue that "[t]his action is premature and unripe" because Petitioner "currently has no set date to appear to check-in with ICE." Opp. at 5. *See also* Resp. Decl. ¶ 13 ("Petitioner does not currently have any check-in or report date scheduled with ICE."). The Court agrees. Petitioner claims two injuries. First, he "fears that ICE intends to revoke his supervision and arrest him at [his next] appointment for detention and removal" based on "statements by ICE officers, current enforcement priorities, and recent detentions of similarly situated Cubans at check-ins." Pet. ¶ 32; Reply at 4. Second, he asserts that the "legal uncertainty over which detention statute [would] appl[y] . . . already inflicts a present harm by obscuring the procedures, standards, and protections that w[ould] apply if ICE decides to take him into custody at any time now and/or during his next appointment." Reply at 4-5. In light of these allegations, Petitioner asks the Court to declare that "*any* [future] detention of Petitioner . . . . must be governed by 8 U.S.C. § 1226(a)" and "abrupt re-detention and removal of Petitioner after 27 years of supervision . . . [would] violate[] the INA and the Due Process Clause." Pet. at 11-12 (emphasis added). Given that Petitioner "was not taken into ICE custody" at his appointment on January 28, 2026, and his next appointment is not yet scheduled (though he expects that it "would be sometime towards the end of 2026"), Pet. Ltr., Petitioner's claims "rest upon contingent events" and thus "are not ripe and do not satisfy Article III's requirements." *Gonzalez Reyes*, 2020 WL 7869549, at *11 (holding that claims that "rest on the conditions of [petitioner's] future hypothetical detention" are not ripe).

Petitioner's reliance on *Baur v. Veneman*, 352 F.3d 625, 636-37 (2d Cir. 2003), for the proposition that "a credible threat of government enforcement based on existing policies" confers standing, Reply at 4, is misplaced. In *Baur*, the plaintiff sought to require the United States Department of Agriculture ("USDA") to "ban the use of downed livestock [which are likely to be infected with Bovine Spongiform Encephalopathy, commonly referred to as 'BSE' or 'mad

cow' disease] as food for human consumption" because "humans who consume meat products from BSE-infected cattle may contract . . . a fatal neurological disease for which there is no effective treatment or cure." *Baur*, 352 F.3d at 628. The *Baur* court "held that the heightened risk of contracting a food-borne illness from the consumption of downed livestock constituted a cognizable Article III injury-in-fact, even though the individual asserting the claim did not allege that he had actually been exposed to any illness." *Nat'l Council of La Raza*, 468 F. Supp. 2d at 438. This "heightened risk doctrine has only been applied in a narrow range of cases: those in which an agency's failure to conform to a statutory mandate has resulted in the plaintiff's exposure to a greater risk of an either difficult or impossible to remedy injury that the statute explicitly sought to prevent, and then, only in the context of exposure to environmental conditions or harmful products."[3] *Id.* at 440 (declining to extend the "heightened risk doctrine" to plaintiffs "who as a result of their immigration status . . . are allegedly at imminent risk of arrest."). "In this case, where there is no statutory mandate seeking to prevent the arrest of individuals who have outstanding immigration warrants [or final orders of removal] . . . the Court will not enable the expansion of the heightened risk doctrine." *Id.*

The Court did not miss Petitioner's allegations that "conditions in Cuba have worsened in ways that increase the risk of torture to individuals like [Petitioner]," and that "DHS has ramped up deportations . . . of Cubans to Mexico and other third countries." Pet. ¶¶ 33, 36. "[B]ut anxiety as a result of a fear of future detention [and removal] falls well short of a violation of [Petitioner's] Constitutional rights, and does not [rise] to the level . . . of hardship that would lead the Court to engage in the kind of speculative exercise that [Petitioner] invites here."

---

[3] For example, in *Baur*, the Plaintiff "claim[ed] that [the USDA's] policy violate[d] the Federal Meat Inspection Act, 21 U.S.C. §§ 601-605, and the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301-309." *Baur*, 352 F.3d at 628.

*Gonzalez-Reyes*, 2020 WL 7869549, at *12.  "In the event that [Petitioner] is detained in the future, he will have the opportunity to file a new habeas petition based on the actual circumstances of his future detention."  *Id.*

### III.    CONCLUSION

For the foregoing reasons, the petition is denied. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: February 19, 2026
          New York, New York

_____
JENNIFER H. REARDEN
United States District Judge